592 So.2d 506 (1991)
Lenny P. CAVALIER
v.
Edward SUBERVILLE and Allstate Insurance Company.
No. 91-CA-648.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
Writ Denied March 26, 1992.
Michael D. Riley, Benjamin J. Birdsall, Jr., New Orleans, for plaintiff/appellant.
Robert P. Hogan, Madisonville, for defendant/appellant.
Christopher E. Lawler, Joseph F. d`Aquin, III, Metairie, for defendant/appellee.
Before BOWES, WICKER, and GOTHARD, JJ.
WICKER, Judge.
The plaintiff, Lenny Cavalier, and a defendant, Edward Suberville, appeal a summary judgment in favor of the other defendant, Allstate Insurance Company. The issue is whether Allstate's coverage is excluded by virtue of its insured's "intentional" act. We affirm.
Lenny and Tim Suberville, Edward Suberville's minor son, were both teenaged students and football team members at East Jefferson High School. They had once been friends, but that friendship had apparently deteriorated. Lenny and another boy, in the latter's truck, came around the Suberville residence, apparently so that they could ruin the lawn by leaving ruts in it from the truck tires. Tim chased away the truck, and he learned the following day that Lenny was in the truck. When the boys were coming out of the football team locker room at school, Tim grabbed Lenny from behind, turned him around, and punched him in the face. The punch broke several bones in Lenny's face.
Lenny sued Tim's father and his homeowner's insurer, Allstate; and Mr. Suberville filed a third-party demand against Allstate. Mr. Suberville and Allstate each moved for summary judgment, Mr. Suberville to obtain a ruling that Allstate provided coverage for the incident and Allstate to obtain a ruling that coverage was excluded because Tim's punch was an intentional *507 act. The judge ruled in Allstate's favor, denying Mr. Suberville's motion for summary judgment, granting Allstate's motion for summary judgment, and dismissing the suit against Allstate. Lenny and Mr. Suberville appealed.
The policy provision in question is:
SECTION IIFAMILY LIABILITY
LOSSES WE DO NOT COVER
1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of any insured person or which are, in fact, intended by an insured person.
The policy and depositions of the two boys constituted the evidence. Lenny pleaded that Tim's punch was an act of negligence, and in his brief he argues that the punch was "an uncontrollable spontaneous reaction which was not premeditated, nor intended to cause the damage...." Each side argues that these depositions are determinative of the issue of intentional act.
Lenny testified that there was only one punch and it took him by surprise. Tim called Lenny's mother that night and told her that he didn't mean to do what he did, that it wasn't intentional, and that he didn't mean to break Lenny's face. Tim has since said he was sorry.
Tim testified that, while he and Lenny had never fought before, there had been incidents that could have turned into a fight. His head was just jumbled. There was a buildup of tensions from past incidents between him and Lenny, and he just wanted something to happen to end it perhaps just talk about it. He did not mean to fight, strike, punch, or hit Lenny. He wanted to confront him; and "when we looked at each other, I just popped him." At the time of the incident he wasn't thinking straight. He did not intend to inflict severe injury, and he felt bad about it. "I guess I just threw my arm, and wherever it landed is what happened." He didn't decide to hit Lenny until he made eye contact with him, and he could easily have hit Lenny more times if he had wanted but he stepped back. The night of the incident, he apologized to Mrs. Cavalier; and since that time he stopped by once on impulse to tell Lenny he was sorry.
Summary judgment is not a substitute for trial and is properly granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.Civ.P. art. 966. If there is any doubt concerning an allegedly disputed material fact, that doubt should be resolved against granting summary judgment. McCrossen v. Renovate, Inc., 548 So.2d 92 (La.App. 5th Cir.1989).
The purpose of intentional acts exclusions such as this is to avoid giving a defendant a "license to commit whatever wanton and malicious acts he wishe[s]." Brasseaux v. Girouard, 269 So.2d 590, 596 (La.App. 3rd Cir.1972), writ denied 271 So.2d 262 (La.1973). They are "designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will `pay the piper' for the damages." Breland v. Schilling, 550 So.2d 609, 610 (La.1989) (citations omitted).
We do not believe the judge erred in granting summary judgment as a matter of law. Anyone would reasonably expect injury to result from Tim's acts: he tracked Lenny down, grabbed him and spun him around, and punched him in the face. Under the terms of the policy, which are clear and unambiguous, there is no factual issue to be resolved. We affirm the judgment below dismissing the claims against Allstate Insurance Company.
AFFIRMED.