hWOODARD, Judge.
The district court, after proceedings on Motions for Summary Judgment filed by defendant-appellee Economy Fire & Casualty Company, and plaintiff-appellant Lucas Des-selle, decided Economy’s insurance policy excluded coverage for the injuries to Desselle by granting Economy’s Motion and denying Desselle’s. He has appealed. We affirm.
A dispute whether, as a matter of law, language in an insurance policy provides coverage to a party can be properly resolved within the context of a motion for summary judgment. Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La.App. 3 Cir. 11/2/94), 649 *1081 So.2d 979, writ denied, 94-2906 (La.2/9/95), 650 So.2d 1166. Summary judgment declaring that there is no coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy that, when applied to undisputed facts shown by the evidence supporting the motion, would afford coverage. Id. Absent a statutory or public policy prohibition, insurers have a right to limit their liability in any manner they choose and to enforce reasonable conditions upon policy obligations they contractually assume. Id. Unless ^ambiguous, words used in an insurance contract will be given their commonly prevailing meaning. La.Civ. Code art.2047. When the trial court has ruled against the plaintiff on a motion for summary judgment, the court of appeal must consider the facts in the light most favorable to that plaintiff. Transworld Drilling v. Texas Gen. Res., 604 So.2d 586 (La.App. 4 Cir.), writ denied, 608 So.2d 174 (La.1992).
In the case sub judice, the point of contention between the parties is over the interpretation of an exclusion provision in Economy’s insurance policy, to wit:
1. Coverage E — Personal liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
a. which may reasonably be expected to result from the intentional or criminal acts of an insured person, or which are in fact expected, anticipated or intended by an insured person. [Emphasis in original.]
Desselle’s injury, a fracture of the jaw, was the result of two punches to the jaw in rapid succession. Under the commonly prevailing meaning of the words of the exclusion, coverage is not provided for Desselle’s injury. While the severity of the injury that Desselle incurred may have been greater than would be expected, an injury to the jaw is a reasonable expectation of punches to the jaw. A more questionable situation would arise if Desselle had been “sucker-punched” on the jaw and had fallen down, breaking his arm in the fall. In that instance, unlike the present, whether Desselle’s fall and the resulting injury would be “reasonably expected to result” from the punches would likely be a proper subject for litigation.
Cavalier v. Suberville, 592 So.2d 506 (La.App. 5 Cir.1991), writ denied, 594 So.2d 1318 (La.1992), dealt with the exact same policy language and similar facts as in the instant case. Cavalier involved two teenage boys who were on hostile terms. One day at school, one of the boys accosted the other, grabbed him from behind, turned him around, and punched him in the face, resulting in several broken bones in the victim’s face. The tortfeasor later claimed that he did not intend to inflict severe injury, but the court of appeal affirmed the trial court’s granting of the insurer’s motion for summary judgment, stating that “[ajnyone would reasonably expect injury to result from [the tortfeasor’s] acts.... Under the terms of the policy, which are clear and unambiguous, there is no factual issue to be resolved.” Id. at 507.
| gWhen reasonable minds must inevitably conclude that the mover is entitled to judgment because there is no genuine issue of material fact in dispute, then summary judgment may be granted. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730. That is the case here. A reasonable interpretation of the policy provision in question does not afford coverage: the injuries incurred were reasonably expected. Therefore, considering the facts of the case, the language of the policy, and the law on point as to motions for summary judgment, there is no genuine issue of material fact and Economy is entitled to judgment as a matter of law. Hence, as to Desselle, the denial of his motion for summary judgment is affirmed.
CONCLUSION
For the reasons given in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to the two parties.
AFFIRMED.