STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-747


JUSTIN DOUGLAS HENDERSON

VERSUS

BRIAN SELLERS, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 994081
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Woodard, J., concurs in the result.

Thomas R. Hightower, Jr.
Attorney at Law
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Intervenor-Appellee:
  Shelter Mutual Insurance Co.

Marie Candice Hattan
Roy & Hattan
P.O. Drawer 91850
Lafayette, La 70509
(337) 234-0431
Counsel for Defendant-Appellee:
  Allstate Insurance Co.

**David Michael Kaufman**
**David M. Kaufman Law Corp.**
**P. O. Box 4604**
**Lafayette, LA 70502**
**(337) 231-5150**
**Counsel for Plaintiff-Appellee:**
**Justin Douglas Henderson**

**Larry Lane Roy**
**Preis, Kraft & Roy**
**P. O. Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**Counsel for Defendant-Appellee:**
**Yvonne Sellers**

**Christopher Luke Edwards**
**P. O. Box 3483**
**Lafayette, LA 70502**
**(337) 233-9995**
**Counsel for Defendant-Appellant:**
**Samuel Sellers**
**Brian Sellers**

**PICKETT, Judge**.

Samuel Sellers, father of and on behalf of Brian Sellers, appeals the judgment of the trial court in which insurance coverage was denied and dismissing his cross-claim against Yvonne Sellers. Yvonne Sellers answers the appeal and claims the trial court erred in dismissing her insurer, failing to find comparative fault on the part of the plaintiff, and awarding excessive general damages.

## STATEMENT OF THE CASE

This case had its genesis in a fight between Brian Sellers, a 17-year-old minor at the time, and Justin Henderson. This court described the basics of the fight in a previous opinion rendered in this case:

> On August 21, 1998, Justin was involved in an altercation with the minor child of Mr. Sellers, Brian Sellers. Brian broke Justin's jaw during a fight. Yvonne Sellers (Ms. Sellers) and Mr. Sellers are Brian's divorced parents. The original divorce decree awarded Mr. and Ms. Sellers joint custody of the Sellers' four minor children and named Ms. Sellers as the domiciliary parent. In 1998, however, when Brian was almost seventeen years old, he went to live with Mr. Sellers. By consent judgment, Mr. Sellers was designated domiciliary parent of Brian. Ms. Sellers was given physical custody of Brian on the weekends that Mr. Sellers did not have physical custody of the other children. All of the provisions of the 1991 "Joint Custody Plan" remained in effect including the following paragraph:
>
> > Responsibility for the acts of the minor children shall be borne by the parent in custody at the time of the applicable act or acts. Said responsibility shall include damages occasioned by the acts of the minor children as contemplated in Louisiana Civil Code Article 2318.
>
> On the night of Brian's altercation with Justin, he was visiting with his mother, Ms. Sellers, pursuant to her visitation rights established in the Sellers' joint custody plan.

*Henderson v. Sellers*, 01-529, p.2 (La.App. 3 Cir. 12/5/01), 815 So.2d 853, 854-55.

The issue before the court in the earlier opinion involved a summary judgment granted in favor of Brian's father, Samuel. The trial court granted summary judgment

1

and dismissed Samuel and his insurer, Shelter Insurance Company (Shelter), finding that the custody agreement was binding and since Yvonne had custody of Brian on the night of the fight, Samuel was not liable. This court reversed. While we found there were no genuine issues of material fact and Yvonne did in fact have custody of Brian on the night of the incident, we held that the custody agreement, while valid as between the parties, was not binding on third parties such as the plaintiff. Samuel's only rights under the custody agreement were rights of indemnification. The cause was remanded to the trial court for a trial on the merits. No writs were sought from the supreme court, and that decision is final.

A trial on the merits was held. The trial court held that Brian committed an intentional tort, and thus Shelter and Allstate Insurance Company (Allstate), Yvonne's insurer, were not liable under their policies. It also held that Samuel and Yvonne were solidarily liable for special damages of $4,670.00 and general damages of $25,000.00 plus court costs. Finally, the court found that Samuel, and not Yvonne, had custody of Brian on the night of the incident, and thus Yvonne could seek indemnification from Samuel.

Both Henderson and Samuel Sellers filed motions for devolutive appeal, but Henderson has not pursued an appeal. Yvonne Sellers has answered the appeal filed by Samuel Sellers.

## ASSIGNMENTS OF ERROR

Samuel Sellers has alleged five assignments of error:

1. The district court erred as a matter of law in not applying the law of the case doctrine to facts that were clearly established.

2

2.      The district court erred as a matter of law in not applying the principle of judicial confession.

3.      The district court was clearly wrong in finding that Brian Sellers not under the custody/control of his mother the night of the incident.

4.      The district court erred as a matter of law in denying the defendant's/appellant's Motion for New Trial, despite having new evidence.

5.      The district court was clearly wrong in finding that Brian Sellers knew or should have known that this type of injury could likely have occurred from this type of act.

Answering the appeal, Yvonne Sellers alleges three assignments of error:

1.      The trial court erred in releasing Allstate Insurance Company, the issuer of the homeowner's policy of Yvonne Sellers, from liability.

2.      The trial court erred in failing to find fault on the part of Justin Henderson for the incident of August 21, 1998.

3.      The trial court erred in awarding general damages in the amount of $25,000.00. Such an award is grossly excessive and does not comport with current jurisprudence.

## DISCUSSION

Based on the facts adduced in the summary judgment proceeding below, the trial court determined that Yvonne Sellers had custody of Brian Sellers on the night of the incident. This court accepted that finding of fact when we reviewed the grant of summary judgment, but reversed based on a finding that the trial court improperly interpreted the effect of the custody agreement as to third parties. At the trial on the merits, the same trial judge reversed himself after hearing the testimony of Brian and Yvonne, and found that Samuel had custody. Thus, Yvonne can file a claim for

3

indemnification against Samuel, rather than the reverse. On appeal, Samuel argues that the trial court should be bound by its previous findings of fact and this court's acceptance of those findings. He argues in his first two assignments of error that either the "law of the case" doctrine or judicial confession should apply. In the third, he asserts that the trial judge erred in finding Brian was in Samuel's custody.

Law of the Case

In *Cree Oil Co. v. Home Ins. Co.*, 94-1219, p.17 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, 629, *writ denied*, 95-1554 (La. 9/29/95); 660 So.2d 875, this court discussed the law of the case doctrine (quotin g *Dodson v. Cmty. Blood Ctr. of La., Inc.*, 633 So.2d 252, 255 (La.App. 1 Cir.1993), *writs denied*, 93-3158 (La. 3/18/94), 634 So.2d 850 and 93-3174 (La. 3/18/94), 634 So.2d 851):

> The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. *See Brumfield v. Dyson*, 418 So.2d 21 (La.App. 1st Cir.), *writ denied*, 422 So.2d 162 (La.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *Day v. Campbell-Grosjean Roofing and Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous *Brumfield v. Dyson*, 418 So.2d at 22.

Samuel argues that he relied on the previous ruling in trial preparation, and did not intend on litigating the issue at the trial on the merits. The trial court found that Brian went to his mother's house to press his clothes on the afternoon of the incident, and his mother offered him a place to stay for that night. Brian neither accepted nor rejected the offer, he simply indicated that he understood. Yvonne did not know that

4

Samuel was out of town at Toledo Bend until later. Brian left no personal belongings at his mother's house that day, and it was not her normal visitation weekend. Brian did spend the night at his mother's house that weekend. The trial court concluded that Yvonne did not exercise supervision of Brian until after the incident, and thus the default custody arrangement applied, i.e., Samuel had custody.

The claim that Samuel was prejudiced because he believed custody would not be litigated has no valid basis. Yvonne's attorney questioned Yvonne at the end of the first day of the trial and introduced the judgments relevant to custody and the consent custody plan into evidence. There is no objection in the record to this testimony or the introduction of the exhibits, and their sole relevance is to the issue of custody. Yvonne's testimony carried over into day two of the trial, and Samuel's trial attorney had an opportunity to cross examine Yvonne on the issue of custody on the second day.

The fourth circuit has held that uncontested facts in a summary judgment are not a substitute for facts introduced at a trial on the merits, and the "law of the case" doctrine does not apply. *Roger v. Dufrene*, 97-1946 (La.App. 4 Cir. 9/9/98), 718 So.2d 592. We adopt this sound reasoning. We note the record on the summary judgment proceedings is not included in this record, and we do not know what evidence was introduced in that hearing to substantiate the claim that Yvonne had custody. The opinion of this court was primarily concerned with the interpretation of the custody agreement, the effect as to third parties, and the meaning of "custody" as set forth in the agreement. We determined that "custody" meant physical custody rather than legal custody. Given that definition, the trial court determined that Yvonne did not take physical custody of Brian until after the fight. Furthermore, this court specifically stated that Brian was at his mother's house "pursuant to her visitation

5

rights." In fact, based on the testimony, it was not a weekend when Yvonne was scheduled to have visitation with Brian. This assignment of error lacks merit.

## Judicial Confession

Samuel argues that Yvonne made a judicial confession that she had custody of Brian by adopting the plaintiff's Statement of the Case in his brief to this court on summary judgment. The statement in question indicated that Brian was visiting his mother on the night of the incident.

A judicial confession is defined in La.Civ.Code art. 1853:

> A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

> A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

This court discussed the concept of a judicial confession in *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 02-266, p.14 (La.App. 3 Cir. 4/2/03), 844 So.2d 380, 390:

> In *Jackson* [*v. Gulf Insurance Co.*, 199 So.2d 886, 890-91 (La.1967)], the court said: "[a]s a legal concept, the judicial confession is designed to dispense with evidence. It has the effect of withdrawing the subject matter of the confession from issue." And, "it is of the nature of this kind of admission that it be, by intention, an act of waiver relating to the opponent's proof and not merely an assertion made for some independent purpose...." *Id.* Finally, "[a] judicial confession under [the article] is a party's admission, or concession, in a judicial proceeding of an adverse factual element, waiving evidence as to the subject of the admission." *Id.*

The statement in question does not seem to have been intended to waive Yvonne's opportunity to contest the issue of custody. This assignment of error lacks merit.

## Manifest Error

As previously discussed, the trial court gave detailed reasons for finding that Samuel had custody the night of the incident. This court should not disturb those

6

findings absent manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We find no manifest error in the determination of custody.

*Motion for a New Trial*

In his fourth assignment of error, Samuel asserts that the trial court erred by refusing to grant a new trial. He argues that the statement of Jason Truxillo was not considered by the court. It was not considered because it was not introduced into the record during the trial, even though it was available to all parties, as it was taken by the sheriff's office four days after the incident.

Louisiana Code of Civil Procedure Article 1972 sets forth the peremptory grounds for a new trial:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
> (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

A trial court is granted great discretion in determining whether a Motion for a New Trial should be granted. *Joseph v. Broussard Rice Mill, Inc.*, 00-628 (La. 10/30/00), 772 So.2d 94. A reviewing court will only reverse that determination if there is an abuse of that discretion. *Davis v. Coregis Ins. Co.*, 00-475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, *writ denied*, 01-0292 (La.3/30/01), 788 So.2d 1192.

The trial court did not abuse its discretion by refusing to grant a new trial for the purpose of introducing evidence that was available at the time of the trial. This assignment of error lacks merit.

*Intentional Act Exclusion*

7

Both Samuel, in his final assignment of error, and Yvonne, in her first, claim the trial court erred by finding that insurance coverage for the injuries sustained by Justin Henderson was excluded by the intentional act clause in the insurance contracts issued by Shelter and Allstate. They both claim that Brian was unaware of the damage a single punch could do and did not intend to break Justin's jaw, so the intentional act exclusion in their respective insurance policies should not apply.

The Shelter policy issued to Samuel states, "We do not cover. . . . [b]odily injury or property damage expected or intended by an insured." The Allstate policy issued to Yvonne contains a similar clause: "We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person."

In *Breland v. Schilling*, 550 So.2d 609(La.1989), the supreme court considered a similar exclusion in the context of a similar situation, a punch to the jaw that caused significant damage. The supreme court upheld a jury's determination that while the punch was intentional, the damage it caused was not, and the exclusion in the insurance contract did not apply. The court made the following pronouncement to guide us in similar situations:

> We hold, therefore, that when minor bodily injury is intended, and such results, the injury is barred from coverage. When serious bodily injury is intended, and such results, the injury is also barred from coverage. When a severe injury of a given sort is intended, and a severe injury of any sort occurs, then coverage is also barred. But when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred. Whether a given resulting bodily injury was intended "from the standpoint of the insured" within these parameters is a question of fact. Such factual determinations are the particular province of the trier of fact, in this instance the trial jury.

*Id.* at 614.

While the holding in *Breland* is still applicable, the supreme court has limited it to its facts, since the trial court found that the injuries sustained were far greater than normally expected ("freak") when punching someone in the jaw. *Yount v. Maisano*, 627 So.2d 148 (La.1993).

Both the supreme court in *Breland* and *Yount* and this court in *Desselle v. St. Paul Insurance Co.*, 95-1706 (La.App. 3 Cir. 9/18/96), 688 So.2d 1080, *writ denied*, 96-2516 (La. 12/6/96), 684 So.2d 938, have recognized that great deference should be given to the finder of fact in these cases. The fact finder must examine the totality of the circumstances and the words and actions of the parties when reaching a conclusion. *Holt v. Phipps*, 98-1127 (La.App. 3 Cir. 4/21/99), 733 So.2d 693, *writ denied*, 99-1504 (La. 9/17/99), 747 So.2d 1108.

In this case, Justin and Brian had several encounters before this accident, and there was "bad blood" between them. Before punching Justin, Brian had pushed Justin to the ground. The trial court found, based on the testimony at trial, that Justin was walking away at the time of the punch and described it as a "sucker-punch." The court discounted Brian's testimony, relied on by the appellant on the intent issue, as not credible. Further, there was medical evidence that Brian hit Justin from behind. Despite claims to the contrary, the court held that Brian, as a high school senior and athlete, should have known that a punch to the face could result in the type of injuries suffered by Justin.

There is no error in the trial court's ruling on the issue of insurance coverage.

### Comparative Fault

The allocation of percentages of fault among the parties is a factual determination which is subject to the manifest error standard of review. *Clement v.*

9

*Frey*, 95-1119 (La.1/6/96), 666 So.2d 607. Furthermore, La.Civ.Code art. 2323, which mandates that the fault of all parties be measured, also states in paragraph C:

> Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.

Since the trial court correctly found that Brian committed an intentional tort, even if Justin were somehow negligent, his recovery could not be reduced. This assignment of error lacks merit.

### General Damage Award

In her final assignment of error, Yvonne argues the general damages award is excessive. The trial court found that special damages were $4,670.00. He awarded general damages of $25,000.00. The trial court cited the pain of the injury and medical procedures, the fact that Justin's jaw was wired shut for several weeks and he was a hungry seventeen year old who could not eat solid foods, two months of great pain, the embarrassment, his inability to play football in his senior year (he was the quarterback for his high school team), and the fact that he could not play baseball.

The trier of fact is afforded much deference in awarding damages, and an appellate court should not disturb that finding unless it finds an abuse of that discretion. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993). Considering the facts of this case, the nature of the injury, and the impact of the injury on this young man's life, we do not find the trial court abused its discretion.

For the foregoing reasons, we affirm the judgment of the trial court in all respects. Costs of this appeal are assessed equally between Samuel Sellers and Yvonne Sellers.

**AFFIRMED.**