STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-1132**


JOSEPH GRAHAM

VERSUS

CATHERINE BERNHEIMER


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75,276 DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Billy Howard Ezell and James T. Genovese, Judges.


**AFFIRMED.**

**Tony C. Tillman**
**Post Office Drawer 648**
**Leesville, LA   71496-0648**
**(337) 239-7983**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Catherine Bernheimer**

**Scott Westerchil**
**Attorney at Law**
**301 South 3rd Street**
**Leesville, LA 71446**
**(337) 238-0019**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Joseph Graham**

AMY, Judge.

This matter involves a dispute over property that lies between two adjacent tracts of land. A fence divides the two tracts; however, a survey reveals that the fence's location encroaches upon the defendant's land. Insofar as the plaintiff and his ancestors in title allegedly have possessed the land up to the fence for over thirty years, the plaintiff claimed ownership of the disputed property. The trial court ruled in favor of the defendant. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

This matter concerns two contiguous tracts of land. The plaintiff, Joseph Graham, owns the northern property ("the Graham property"), and the defendant, Catherine Bernheimer, owns the southern property ("the Trull property"). The plaintiff's parents, Ben and Docie Graham, purchased the forty-acre tract of land on June 19, 1941. The defendant acquired the Trull property from her brother, Carrol Oscar Trull, on June 4, 1981. The trial court found that a fence was built between the Graham property and the Trull property some time prior to 1956. The location of this fence resulted in an encroachment on the northern line of the Trull property. The 93 encroaching feet on the west end of the property and the 23 encroaching feet on the east end constitute the property in dispute.

According to the plaintiff's testimony, his parents farmed and gardened on the Graham property up to the fence for as far back as he can remember. The record indicates that Docie Graham, the plaintiff's mother, died on June 5, 1974, and that Ben Graham, the plaintiff's father, died on December 22, 1974. The judgment of possession reveals that the Graham property was inherited by the surviving Graham children: namely, Joseph Graham, Bessie E. Graham Tisdale, Betty L. Graham

Mitchell, George L. Graham, and Jesse E. Teel, who died in 1986. The plaintiff testified that he personally ran cows and stacked hay up to the fence for fifteen years. He stated that he stopped running cows about ten or fifteen years ago but continued to stack hay.

The plaintiff's brother-in-law, Malcolm Mitchell, Sr., testified that he and his wife lived in a trailer home on the Graham property next to the fence for three or four years beginning in 1960 and that he built a shop approximately ten or fifteen feet from the fence. He stated that he did not remember ever being told to get off the property.

The defendant's brother, Carroll Trull, leased his property to Leland Murray in the early 1970s. Murray's daughter and the plaintiff testified that while Murray was leasing the Trull property, a new fence was built in the same place that the old fence was located. The record shows that in 1976, a survey was conducted and a boundary line was established pursuant to the property owners' deeds; the plaintiff testified, though, that the Graham family never recognized the survey line as the boundary between the two tracts of land. According to Joseph Graham's testimony, some time in the late 1970s, Leland Murray leased some timber from him. The trial court found that Mr. Murray only cut timber up to the boundary set in the survey, not all the way to the fence.

The record shows that Charles Wise surveyed the property again in 1993. Pursuant to the boundaries set in the 1993 survey, the defendant leased her land, including the property in dispute, to the plaintiff for one dollar annually. Two leases were executed in January 1994 and January 1997, respectively. The lease agreements established that the lease would "continue from year to year unless either party [gave]

2

ninety (90) days written notice of their intention to terminate [the] lease." The record does not contain any evidence of notice by either party. The plaintiff acknowledged that he leased the land from the defendant.

The record reveals that the defendant sold timber on her property in 2004; as a result, part of the fence was removed and the timber was cleared on the north side of the fence. The plaintiff instituted this suit on November 30, 2005. On September 26, 2006, the succession of Ben and Docie Graham was concluded and the judgment of possession was entered in favor of the five Graham children. On December 23, 2006, the land was divided pursuant to a voluntary partition deed, wherein the plaintiff was granted ownership of the portion of the Graham property that includes the land in dispute.

After a trial, the trial court ruled in favor of the defendant; it found that the plaintiff did not possess the property in his own right for thirty years, in light of the fact that prescription was interrupted when he leased the property from the defendant and thereby acknowledged the defendant's ownership. Concerning the plaintiff's ability to tack the inherited possession onto his own possession, the trial court found that the interest of his deceased brother had never been reconciled. Accordingly, it concluded that because plaintiff was not authorized to tack his ancestor's possession, he could not prove ownership via thirty-year acquisitive prescription. Seeking to introduce the deed of his deceased brother's property interest, the plaintiff filed a Motion for New Trial, which was subsequently denied. The plaintiff appeals, asserting the following assignments of error:

> 1) [T]he trial court erred in ruling that the appellant, Joseph Graham could not tack the possession of his ancestors in title, and therein granting judgment in favor of the defendant and appellee, Catherine Bernheimer.

2) In the event that this Honorable Court does not find merit in appellant's assignment of error number one, appellant contends that the trial court erred in denying the appellant's Motion for New Trial, and not allowing appellant to file the deed of Jesse E. Teel, appellant's brother, which would have cured the trial court's concerns about tacking possession of ancestors in title, referenced in assignment of error number one.

**Discussion**

*Standard of Review and Burden of Proof*

The issues in this case primarily center around acquisitive prescription. This court set forth the applicable standard of review in *Lowery v. Herbert*, 04-1399, p. 2 (La.App. 3 Cir. 7/20/05), 909 So.2d 648, 650: "Whether a party has adversely possessed property for purposes of thirty years acquisitive prescription is a factual determination which will not be disturbed in the absence of manifest error."

"Acquisitive prescription is a mode of acquiring ownership or other real rights by possession for a period of time." La.Civ.Code art. 3446. "Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith." La.Civ.Code art. 3486. "For purposes of acquisitive prescription without title, possession extends only to that which has been actually possessed." La.Civ.Code art. 3487. "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.Civ.Code art. 3464.

"When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles." La.Civ.Code art. 794. "If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds." *Id.*

4

In *Fontenot v. Duplechain*, 02-323, p.4 (La.App. 3 Cir. 10/2/02), 827 So.2d 563, 565, (quoting *Crowell Land & Mineral Corp. v. Funderburk*, 96-1123, pp.3-4 (La.App. 3 Cir. 3/5/97), 692 So.2d 535, 537, writ not considered, 97-901 (La. 5/9/97), 693 So.2d 776) this court stated:

> The party asserting acquisitive prescription bears the burden of proving all of the essential facts to support it. *Phillips v. Fisher*, 93-928 (La.App. 3 Cir. 3/2/94), 634 So.2d 1305, *writ denied*, 94-0813 (La.5/6/94); 637 So.2d 1056. The adverse possessor must prove that he intended to possess the property as owner. *Id.* "A possessor will only be considered as possessing that part of property over which he exercises actual, adverse, corporeal possession which is continuous, uninterrupted, peaceable, public, unequivocal, and within visible bounds." *Id.* at p. 3; 634 So.2d at 1307; La.Civ.Code art. 3476.

*Assignment of Error Number One*

The plaintiff put forth evidence and testimony regarding the fact that the Graham ancestors in title never acknowledged the boundary set by the survey and the deeds as the actual dividing line between the two tracts of land. Accordingly, we will address the issue of whether the plaintiff and/or his family acquired the disputed land via acquisitive prescription. Insofar as the plaintiff does not appeal the trial court's determination that the plaintiff did not prove thirty-year acquisitive prescription in his own right, we will only evaluate his claim concerning prescription via tacking.

In light of the plaintiff's claim and for the purposes of thirty-year acquisitive prescription, prescription began to run once the fence was built. *See Allen v. Belgard*, 05-1284 (La.App. 3 Cir. 4/5/06), 925 So.2d 1275, wherein the court set forth the legal principle that requires a person claiming ownership without title to show adverse possession by enclosure. The trial court found that the fence was built some time prior to 1956. Testimony establishes that the plaintiff's parents possessed the Graham property up to the fence, insofar as they gardened and farmed on the land.

5

The plaintiff's ownership, then, turns on the issue of tacking his own possession to that of his parents.

A universal successor continues the possession of the deceased. La.Civ.Code art. 936. Because the plaintiff was one of six heirs, the trial court, in its written reasons for judgment, correctly posed the following question: "whether the partition deed executed by four of the five Graham heirs would have conferred upon plaintiff the other heirs' rights of accrued possession inherited by them from their parents[?]" In answer to this question, the trial court cited to *Noel v. Jumonville Pipe and Machinery Company, Inc.*, 245 La. 324, 158 So.2d 179, in which the supreme court determined that one heir who had obtained the land contiguous to the disputed tract via a sale by the other seven heirs was entitled to continue his father's possession for purposes of acquisitive prescription. The trial court distinguished the instant case from *Noel*, 158 So.2d 179, insofar as the "interest of Jesse E. Teel, heir to this property, has never been reconciled. The affidavit of death and heirship shows that he died in 1986 and is silent as to whether any heirs survived him. Without some specific authorization by the heirs or estate of Jesse E. Teel, plaintiff is not entitled to tack his ancestors' possession to that of his own."

Co-owners are precarious possessors as to each other. *Hooper v. Hooper*, 06-825 (La.App. 3 Cir. 11/2/06), 941 So.2d 726, *writ denied*, 06-2823 (La. 1/26/07), 948 So.2d 177. "A co-owner, or his universal successor, commences to possess for himself when he demonstrates this intent by overt and unambiguous acts sufficient to give notice to his co-owner." La.Civ.Code art. 3439. Recordation of an act of partition has been held to be sufficient notice. *See Dupuis v. Broadhurst*, 213 So.2d 528 (La.App. 3 Cir. 1968). Consequently, the plaintiff gave sufficient notice to the

siblings who joined in the voluntary partition. However, no evidence exists in the record indicating that Jesse E.Teel's estate and/or descendants were given such notice. Without that information, the plaintiff was still a precarious possessor as to his deceased brother's estate; thus, Joseph Graham could not claim ownership for himself via tacking. Accordingly, the plaintiff's first assignment of error is without merit.

*Assignment of Error Number Two*

In his second assignment of error, the plaintiff asserts that the trial court erred in denying his Motion for New Trial, which would have allowed him to introduce the deed of his deceased brother. La.Code Civ.P. art. 1972 provides:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
>
> (3) When the jury was bribed or has behaved improperly so that impartial justice has been done.

Further, La.Code Civ.P. art 1973 provides, "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." In *Joseph v. Broussard Rice Mill, Inc.*, 00-628 (La. 10/30/00), 772 So.2d 94, the supreme court recognized the trial court's great discretion in deciding whether a Motion for a New Trial should be granted, and it stated that the applicable standard of review requires the appellate court to evaluate whether the trial court abused that discretion.

7

Applying La.Code Civ.P art. 1972 and La.Code Civ.P. art. 1973, we find that the trial court did not abuse its discretion in denying the plaintiff's Motion for New Trial, in light of the fact that the deed of Jesse E. Teel was available to the plaintiff during the course of the trial. *See Henderson v. Sellers*, 03-747, p. 8 (La.App. 3 Cir. 12/17/03), 861 So.2d 923, 929, wherein this court held that "[t]he trial court did not abuse its discretion by refusing to grant a new trial for the purpose of introducing evidence that was available at the time of the trial." Accordingly, the plaintiff's second assignment of error lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to the appellant, Joseph Graham.

**AFFIRMED.**