The defendants appeal from a judgment entered following a jury-waived trial declaring that Quincy Mutual Fire Insurance Company (Quincy Mutual) has no obligation to defend or indemnify Jeoung F. Kim (Kim) with respect to claims asserted against him by David Goff for injuries Goff sustained when punched by Kim. We affirm.
Goff filed an amended complaint in the underlying tort action against Kim, Matthew Lavoie, Barbara S. Lavoie, and Richard J. Lavoie. The amended complaint alleges that on August 9, 2009, while at a party at the Lavoies' house, Kim struck Goff in the face with his fist, causing Goff serious and permanent injuries. Kim's father, Kyung Kim, was insured under a homeowners policy, and under a "personal umbrella liability endorsement" to that policy, issued by Quincy Mutual.[3] In 2014, after being notified of the incident and pending lawsuit, Quincy Mutual filed a complaint seeking a declaratory judgment that it had no obligation to defend or indemnify Kim with respect to claims asserted by Goff arising out of the incident.
We review the trial judge's findings of fact for clear error and review de novo rulings on questions of law. See Martin v. Simmons Properties, LLC, 467 Mass. 1, 8 (2014). "A finding of fact by the trial judge will not be deemed clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." White v. Hartigan, 464 Mass. 400, 414 (2013) (quotation omitted). The interpretation of an insurance contract presents an issue of law for the court. Jefferson Ins. Co. of N.Y. v. Holyoke, 23 Mass. App. Ct. 472, 475 (1987).
On the basis of credible testimony by three witnesses, the trial judge found that Kim delivered three closed-fist punches to Goff's face, knocking him unconscious and causing him to strike his head on the pavement as he fell to the ground. Goff suffered serious injuries, including a fractured face, jaw, and skull, and developed a seizure disorder. The judge made specific and detailed findings that the incident was not an accident or an act of self-defense, but that Kim intentionally, without provocation, struck Goff in the face with the purpose of causing him injury.
The homeowners policy at issue here provides for coverage to an insured for bodily injury resulting from an "occurrence." An "occurrence" is defined as "an accident ... which results ... in 'bodily injury.' " Personal liability coverage does not apply to " 'bodily injury' ... [w]hich is expected or intended by the 'insured,' " nor does it apply to " 'bodily injury' ... [a]rising out of ... physical ... abuse." The personal umbrella liability endorsement also covers bodily injuries resulting from an occurrence. Under the umbrella coverage, an "occurrence" is likewise defined as "an accident ... which results ... in ... '[b]odily injury.' " Coverage is excluded for bodily injury arising out of "criminal acts," or "an act which is expected or intended by an 'insured' to cause 'bodily injury.' " Since Kim was the perpetrator of an intentional attack, the judge concluded that the defendants did not prove the incident was an "occurrence" within the meaning of the policy and that coverage was precluded pursuant to the exclusions in the policy and endorsement.
The defendants argue that because Kim did not specifically intend to cause the harm to Goff that resulted when his head hit the pavement, and it was not substantially certain that such harm would occur from punching Goff in the face, the injuries resulted from an accident and are not excluded by the intentional act provisions of the homeowners policy and umbrella endorsement. The argument fails.[4] The Supreme Judicial Court has observed that the very nature of some acts carry with them an intent to cause harm as a matter of law. See Worcester Ins. Co. v. Fells Acres Day Sch., Inc., 408 Mass. 393, 401 (1990). "[R]eason mandates that from the very nature of the act, harm to the injured party must have been intended." Id. at 400, quoting from United States Fid. & Guar. Co. v. American Employer's Ins. Co., 159 Cal. App. 3d 277, 291 n.9 (1984). See Newton v. Krasnigor, 404 Mass. 682, 685 (1989) ("The insured need not intend to cause the exact extent of the injury which results, in order for the exclusion to apply"); Terrio v. McDonough, 16 Mass. App. Ct. 163, 169 (1983) ("[I]t is self-evident that if a person is pushed down a flight of stairs it is to be expected that a person will be hurt"); Liberty Mut. Fire Ins. Co. v. Casey, 91 Mass. App. Ct. 243, 250 (2017) ("[B]ecause [the defendant] intended to commit the inherently harmful act, his subjective intent as to the degree of injury he intended to cause is irrelevant").
The judge did not err in concluding that Kim intended to strike Goff and that Goff's injuries were a direct result of the attack. Likewise, there was no error in the judge's conclusion that Kim's attack was excluded from coverage and that Quincy Mutual had no duty to defend or indemnify him.
Judgment affirmed.

As Kyung Kim's son and a resident of his home, Kim was an "insured" pursuant to the terms of the homeowners policy.

The cases the defendants rely on do not involve Massachusetts law and in any event differ in procedural posture from the present matter. See Breland v. Schilling, 550 So.2d 609 (La. 1989) (appeal after jury trial finding that insured did not intend bodily injury); Desselle v. St. Paul Ins. Co., 688 So.2d 1080, 1081 (La. Ct. App. 1996) (affirming summary judgment denying coverage for injuries resulting from intentional punches, but suggesting possibility that injuries sustained in fall following punches might present triable question of fact).