698 So.2d 965 (1997)
Glen Donald STRINGER
v.
Patricia Jacobson STRINGER.
No. 96 CA 1990.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
Rehearing Denied September 23, 1997.
Denise A. Vinet, Baton Rouge, for Plaintiff-Appellant.
Fred H. Belcher, Jr., Baton Rouge, for Defendant-Appellee.
Before SHORTESS, WHIPPLE and FOGG, JJ.
SHORTESS, Judge.
Glen D. Stringer (plaintiff) sued his wife Patricia J. Stringer (defendant) to partition their community property. On July 2, 1993, both plaintiff and defendant submitted evidence to the trial court concerning each party's alleged ownership of property. On August 29, 1994, the parties again appeared in open court and stipulated to the classification of several items and the trial court took the remainder of the case under advisement. On April 10, 1995, the trial court signed a judgment, in which it, in part, found nineteen movables were defendant's separate property and three movables were plaintiff's separate property. In its written reasons for judgment, the trial court remarked it believed the above judgment allocating separate movable property would "put this matter in a posture *966 for final amicable resolution." It also mentioned it would consider any movables not included in this judgment to be community property.
On June 9, 1995, the trial court rendered and signed a judgment ordering the parties to meet and attempt to reach a final settlement. If they could not reach a settlement within ten days, the judgment further ordered each party to submit their versions of a final settlement in judgment form. The trial court would decide on a final settlement based upon both parties' suggested judgments. Though the ownership and valuation of much property was not disputed, the parties could not agree to a final settlement. Defendant then submitted her suggested judgment; plaintiff did not. The trial court thereafter rendered and signed a Community Property Partition Judgment on April 29, 1996, which adopted defendant's suggested judgment. Plaintiff appealed and argues the trial court erred when it rendered an ex parte judgment that partitioned disputed items of community property, e.g., retirement benefits, life insurance, cash, and reimbursement payments to the community or spouse. Contrarily, defendant argues plaintiff should lose his right to object since he did not follow the court's order to submit his own suggested judgment and did not ask for an additional hearing on the ownership and/or valuation of this property. So we must decide whether plaintiff continues to have a procedural due-process right to traverse the ownership and/or valuation of former community property when he did not timely comply with the court's judgment, which ordered him to submit a suggested judgment that would include his position on the ownership and/or valuation of that property.
Louisiana Revised Statute 9:2801 lists the procedure for partitioning community property and settling claims arising from matrimonial regimes and co-ownership of former community property. Paragraph (1)(a) states:
each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities.... If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a ... list. If the court grants the request, no traversal shall be allowed.[1]
(Emphasis added.) Paragraph (2) states:
each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party.... The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits....
The trial court did not follow 9:2801(1)(a) or (2). The parties stipulated to the ownership and classification of some property but they disputed the ownership and/or valuation of other property. The trial court's June 9, 1995, judgment ordered each party to "submit their individual suggested JUDGMENT," apparently its attempt to expedite the settlement of this case. However, this judgment was, in essence, an order to submit a final detailed descriptive list. Plaintiff failed to file this final list timely, and therefore, defendant (as the other party) should have filed a rule to show cause why the trial court should not adopt her list as a judicial determination of the community assets and *967 liabilities.[2] Defendant did not file that rule to show cause; rather, the trial court allocated the disputed property in its chambers, without a hearing in open court.
According to Louisiana Code of Civil Procedure article 194(1), a trial court judge may sign a judgment decreeing or homologating a partition, when unopposed. But here, plaintiff disputed the ownership and/or valuation of retirement benefits, life insurance, cash, and reimbursement payments to the community or spouse, so the partition was not unopposed. Article 194(1) does not support defendant's argument.
Civil Code of Procedure article 2592(5) authorizes the use of summary proceedings to homologate a judicial partition. Revised Statute 9:2801(2) allows the traverses trial to take place by summary procedure, and Civil Code of Procedure article 2593 states a summary proceeding is commenced by filing a contradictory motion or rule to show cause. This motion or rule provides the opposing party with an opportunity to advocate its position in open court. Defendant did not file such a motion, and the trial court overlooked this requirement. In its effort to expedite resolution of this case, the trial court erred when it rendered and signed an ex parte judgment partitioning the property not traversed.
Therefore, we vacate the April 29, 1996, judgment and grant plaintiff's request to remand this case so he can traverse the disputed property listed in the June 6, 1995, judgment, or show why defendant's suggested judgment should not be completely adopted as a final settlement. But we limit that hearing to those property issues not previously litigated. Defendant is taxed with the costs of this appeal.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] Section (1)(a) reflects the 1993 amended version of this statute. Acts 1993, No. 28, § 1. Its nature is procedural and thus it is to be applied retroactively. The legislature amended the statute again in 1995 but did not alter the substance of the quoted text. Acts 1995, No. 433, § 2 and No. 1008, § 1. Acts 1995, No. 433, § 3 also provides that 9:2801 applies to former community property co-owned by spouses or former spouses on or after January 1, 1996, regardless of when the community regime was terminated. The judgment here partitioning the community was not signed until April 1996.
[2] Louisiana Revised Statute 9:2801(1)(a).