779 So.2d 852 (2000)
Jackie Lorenz POLAND, et ux., Plaintiffs-Appellees,
v.
Frances Creech POLAND, Defendant-Appellant.
No. 34,085-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
*853 Kidd-Culpepper By: Paul H. Kidd, Monroe, Counsel for Appellant.
Rankin, Yeldell, Herring, Katz & Downs, By: Stephen J. Katz, Bastrop, Counsel for Appellees.
Before BROWN, WILLIAMS and STEWART, JJ.
STEWART, J.
In this action for partition by licitation, the appellant, Francis Creech Poland, appeals the denial of a motion for a new trial alleging error in that portion of the trial court's judgment ordering satisfaction of a mortgage, which burdens the property to be partitioned, from the proceeds of the sale. We find no abuse of discretion by the trial court in denying the motion for new trial and affirm.

FACTS
Jackie Lorenz Poland and his wife, Sheila Gathings Poland, the appellees, filed a petition for partition by licitation of a tract of land located in Morehouse Parish, (hereinafter referred to as the "Morehouse land").[1] A trial was held on January 7, 2000. As alleged in the petition and established at trial by stipulation of the parties, the ownership of the Morehouse land is as follows:
1. Jackie Lorenz Poland and Sheila Gathings Poland, husband and wife, together own an undivided one-half interest;
2. Francis Creech Poland, the mother of Jackie Lorenz Poland, owns an undivided one-fourth interest in full ownership; and
3. Jackie Lorenz Poland owns an undivided one-fourth interest in naked ownership with Francis Creech Poland *854 having a usufruct over that one-fourth interest.
Ownership in the portions related above derives from a cash sale deed executed November 23, 1992, by which the Morehouse land was purchased by appellant and her now deceased husband, James Melvin Poland, together with appellees. Ownership also derives from a judgment of possession from the succession of James Melvin Poland, dated October 3, 1996, whereby Jackie Lorenz Poland received his father's one-fourth ownership interest in the land subject to a usufruct in favor of appellant. Both the cash sale deed and the judgment of possession were admitted into evidence.
Also admitted into evidence was the mortgage burdening the Morehouse land sought to be partitioned. The mortgage, dated November 23, 1993, was apparently entered into in conjunction with the purchase of the Morehouse land and was granted in favor of Planters Mortgage & Investments, Inc., ("Planters"), by James Melvin Poland and Francis Creech Poland together with Jackie Lorenz Poland and Sheila Gathings Poland. The mortgage secures an indebtedness of $855,000, and lists two tracts of land, inclusive of the tract at issue, as the mortgaged premises. Also admitted into evidence was a letter from Planters dated June 9, 1999, requesting the semi-annual payment in the amount of $46,463.39 and stating that, upon payment, the balance remaining would be $731,455.36.
After receiving this evidence and hearing the testimony of Jackie Lorenz Poland, the trial court, in accordance with stipulations entered by the parties, rendered and signed in open court a judgment declaring the ownership interests of the Morehouse land as related above and ordered sale of the property at public auction. Furthermore, the trial court ordered payment from the proceeds of the sale of the following:
3. Funds owed Planters Mortgage & Investments, Inc./The Prudential Insurance Co. of America pursuant to that promissory note secured by the Act of Mortgage and Security Agreement recorded in Mortgage Book 407, Page 296 together with the assignment of mortgage recorded in Mortgage Book 407, Page 305 subject to the Act of Correction to note and mortgage recorded in Mortgage Book 408, Page 469 of the records of Morehouse Parish, Louisiana.
On January 13, 2000, appellant filed a motion for a new trial, in which she alleged that the verdict rendered was contrary to the law and evidence. Appellant subsequently filed a "Supplemental and Amending Motion For a New Trial," in which she specifically alleged that a new trial should be granted to correct the portion of the judgment ordering payment of the mortgage from the proceeds of the sale. Appellant alleged that only a portion of the debt secured by the mortgage pertains to the Morehouse land and that a separate tract, which is wholly owned by appellees, is also included in the mortgage. Appellant alleged that this separate tract, which was burdened by a mortgage securing a debt of $350,000, was used to purchase the Morehouse land and that the two mortgages were combined into one mortgage securing the debt reflected in the Planters' mortgage. Consequently, appellant argues that the trial court erred in ordering payment of the entire mortgage from the proceeds of the sale. The trial court denied the motion for a new trial. Appellant then filed the instant appeal.
While the matter was pending on appeal, appellant filed a pleading styled "Motion To Reopen Submission For Error Patent On Its Face" in which she alleged the "discovery" of language in the mortgage which purports to transfer title of the Morehouse land to Planters. Based on such language, appellant argued that appellees do not actually own the property and have no right of action to partition it. Attached to this filing was a copy of a "Petition for Executory Process with Appraisement" filed by Planters on September *855 28, 2000 against the parties in the instant proceeding, along with an order signed by the trial court that same day, directing issuance of a writ of seizure and sale in favor of Planters.

DISCUSSION
La. C.C.P. art. 1972 provides, in part, that a new trial shall be granted when the judgment appears clearly contrary to the law and the evidence. A new trial may be granted when the judgment, though free of legal error, does not do substantial justice or is against the manifest weight and probative effect of the evidence. Matthews v. Arkla Lubricants, Inc., 32,121 (La.App. 2d Cir.8/18/99), 740 So.2d 787; Gilley v. Wendy's, Inc., 31,353 (La.App. 2d Cir.12/09/98), 723 So.2d 517. Also, as provided in La. C.C.P. art. 1973, a trial court may grant a new trial if good grounds exist. The trial court has great discretion in determining whether to grant or deny a motion for a new trial, and its determination will not be disturbed absent an abuse of that discretion. Robbins v. State ex rel. Department of Labor, 31,590 (La.App. 2d Cir.2/24/99), 728 So.2d 991; Haile v. City of Monroe, 31,315 (La. App. 2d Cir.12/14/98), 722 So.2d 1192; Morehead v. Ford Motor Co., 29,399 (La. App. 2d Cir.5/21/97), 694 So.2d 650, review denied, 97-1865 (La.11-07-97), 703 So.2d 1265.
When property is subject to a real right, such as a mortgage, the partition of the property will not affect the real right. La. C.C. art. 812 and 1990 Revision Comment (b). When property is partitioned by licitation, any real right in the form of a mortgage, lien, or privilege granted by a co-owner attaches to his share of the proceeds of the sale. La. C.C. art. 815.
The Morehouse land is subject to a mortgage in favor of Planters. The mortgage was granted by the parties along with the now deceased James Melvin Poland. The mortgage secures a debt of $855,000. While a second tract of land is included in the mortgage, nothing in the mortgage indicates that either tract of land is there to secure only a portion of the debt. The mortgage instrument was introduced into evidence along with a letter from Planters indicating the balance owed as of June 1999. It is clear that Planters, in the event of default, would be entitled to enforce the mortgage as to the Morehouse property. In fact, Planters has apparently instituted executory process and obtained an order granting a writ directing seizure and sale of the mortgaged propertya fact which may very likely render the judgment ordering partition by licitation moot.
Any agreements between the parties to this litigation which would affect payment between them of the debt secured by the mortgage provides no basis for altering the trial court's order that the mortgage be paid from the proceeds of the sale before distribution of the remaining proceeds to the parties. In its judgment, the trial court reserved to the parties their rights to seek reimbursements and expenditures related to the property. Thus, we believe that any claim the appellant may have against appellees from payment of the mortgage is reserved and may be asserted in another proceeding. Considering the evidence presented, the arguments of counsel, and the wide discretion afforded the trial court's determination, we find no abuse of discretion by the trial court in denying the motion for a new trial filed by appellant.
Likewise, we find no merit in the arguments asserted by the appellant in the "Motion To Reopen Submission For Error Patent,"in which she asserted that the appellees have no right to seek partition since language in the mortgage appears to transfer title to Planters. The language which purports to transfer title of the Morehouse land is included in the "Granting Clause" of the mortgage instrument. However, this clause is subject to the express condition, included in the mortgage, that the mortgage and any rights granted *856 therein shall cease upon payment by the mortgagors of the secured indebtedness. Additionally, our law provides that a mortgage is a nonpossessory right created over property to secure the performance of an obligation. La. C.C. art. 3278. A mortgage gives the mortgagee neither title nor the right of possession of the property. Family Federal Savings & Loan Association of Shreveport v. Huckaby, 30,481 (La. App. 2d Cir.5/13/98), 714 So.2d 80; Bertini v. Turncliff, 607 So.2d 813 (La.App. 1st Cir.1992). We find that the language of the "Granting Clause" does not constitute a conveyance of the Morehouse property to Planters so as to impede appellees' rights to seek partition by licitation.

CONCLUSION
Finding no abuse of discretion by the trial court and no merit to appellant's arguments, we affirm the judgment of the trial court at appellant's cost.
AFFIRMED.
NOTES
[1] The tract of land at issue is described as:

The SE ¼ of Section 29, lying South of the center line of Louisiana Highway No. 2; the NE ¼ and the S ½ of Section 32; the E ½ of the SE ¼ the NE ¼ of the SW ¼ and the W ½ of the SW ¼ of Section 33, all in T 21 N, R 8 E, lying and being situated in the Parish of Morehouse, State of Louisiana.