1 .WOODARD, Judge.
Patrick and Rachel Greene purchased a 1997 Pontiac Grand Prix SE from Bubba Oustalet Ford Lincoln Mercury, Inc. (Bub-ba Oustalet). After a series of complaints about the car, they filed a suit in redhibition to set aside the sale. The trial court ruled in their favor and awarded damages. Both parties sought a new trial, for different reasons, which the trial court granted. Following the second trial, the court ruled that the alleged defects were not sufficient *1091 to cancel the sale. The Greenes appeal, contending that the trial court erred in granting a new trial to and in ruling in favor of Bubba Oustalet. We agree. Thus, we reverse and reinstate the original judgment with judicial interest.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
On September 11, 1997, Mr. and Ms. Greene purchased a 1997 Pontiac Grand Prix SE, from Bubba Oustalet in Jennings, Louisiana. Prior to purchase, the vehicle had been driven 9,259 miles. Shortly after purchase, it began to manifest abundant problems, ranging from minor to serious. The Greenes had some of them repaired, under the factory warranty, at Bayou Heritage Pontiac in Jennings, Louisiana. When the problems continued, on June 5, 1998, they filed a lawsuit against General Motors Corporation (GMC) and Bubba Oustalet for redhibition. However, they dismissed their claims against GMC with prejudice prior to trial.
The parties tried the case on April 28, 2000. On May 11, 2000, the trial court rendered a judgment for the Greenes and against Bubba Oustalet as follows: (1) rescinding the sale; (2) awarding the Greenes $4,495.00 for all costs of the sale; (3) awarding costs of repair in the amount of $14.02; (4) ordering Bubba Oustalet to pay $11,911.75, which the Greenes owed Hibernia Bank concerning the purchase of the vehicle, and if this amount had not been paid by May 10, 2000, Bubba Oustal-et was to pay $2.83 per day, thereafter, in addition to the $11,911.75; (5) awarding the Greenes $11,517.12 for the monthly payments, which they had made to Hibernia Bank for the purchase of the vehicle through April 2000; (6) awarding Bubba Oustalet a credit for the use of the vehicle of $.20 per mile, which totaled $6,818.20; and (7) casting Bubba Oustalet with the costs of the proceedings.
Llnitially, Bubba Oustalet represented that it had decided to accept the trial court’s verdict and to pay the judgment. At the last minute, however, it filed a motion for a new trial on the grounds that the judgment was contrary to the law and evidence and that new evidence, which could not have been discovered before or during the trial, was now apparent. Likewise, the Greenes filed a motion for a new trial on May 30, 2000, claiming that: the credit, which the court had awarded Bubba Oustalet, was excessive; through oversight, the trial court had failed to award them judicial interest; and it should have awarded them attorney’s fees.
Without a contradictory hearing, the trial court granted both parties’ motions and fixed the new trial for July 6, 2000. Expert witnesses testified that the vehicle had not been wrecked prior to the Greenes’ purchase, which had been the premise for the trial court’s ruling in the first trial. The trial court reversed its ruling in the original trial and ruled in favor of Bubba Oustalet.
The Greenes appeal, only, the judgment which granted Bubba Oustalet’s Motion for a New Trial, contending that the trial court abused its discretion in granting it and that it erred in failing to find that the vehicle was defective in the new trial.
⅝ ⅝ ⅜ ⅜ ⅜ ⅝
Motion for a New Trial
The pertinent parts of the peremptory grounds for a motion for a new trial, which are relevant to the instant case, are found in Louisiana Code of Civil Procedure Article 1972(1) and (2); namely:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears contrary to the law and evidence.
*1092 (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
|sBubba Oustalet’s Motion for a New Trial is the only one at issue. It based its request for a new trial on both of the above grounds. Specifically, it urged that: there was insufficient proof at trial concerning the cause of the car’s problems; finding the car to have been wrecked was contrary to the law and evidence; and Mr. Conner’s testimony was biased and erroneous and that this had been discovered since the trial.
Regarding its first ground for a new trial, the record reveals that the trial court’s ruling in the original trial was not contrary to the law and evidence. Mr. Conner, the Service Manager for Bayou Heritage Pontiac during the time in which the Greenes had tendered their car for repair, gave unrebutted testimony that the car had been wrecked before the Greenes had purchased it. This was the primary basis for the trial court’s ruling regarding most of the problems, which the Greenes had experienced with the car, and for its conclusion that there were redhibitory defects sufficient to warrant a recission of the sale and the court’s accompanying awards. Thus, we find no merit to Bubba Oustalet’s assertion and find that it was legal error to grant it a new trial based on peremptory of La.Code Civ.P. art.1972(1).
Concerning the second premise for its motion, when the application for a new trial is based on La.Code Civ.P. art. 1972(2), La.Code Civil P. art.1975 provides that the applicant shall verify, by affidavit, the alleged facts. Bubba Oustalet did not do so. Furthermore, although a contradictory hearing was scheduled concerning its motion, a hearing was never held, and no testimony was adduced to support these allegations. Instead, the trial court simply granted both parties’ motions for a new trial.
Accordingly, we hold that granting a new trial based on peremptory ground (2) was also legal error.
And finally, although it has not been raised as an assignment of error on appeal, we note that in their petition, the Greenes had prayed for “legal interest from the date of judicial demand until paid;” however, the trial court had neglected to address it in its judgment. Louisiana Code of Civil Procedure Article 1921 provides that “[t]he court shall award interest in the judgment as prayed for or as provided by law.” Therefore, based on our mandate in Louisiana Code of Civil Procedure Article 2164, we grant the Greenes their request.
[4We reverse the trial court’s judgment, signed July 13, 2000, and reinstate its judgment, signed May 11, 2000, with judicial interest until paid. We cast Bubba Oustalet with all costs for the new trial[1] and for this appeal.
CONCLUSION
We reverse the trial court’s decision to grant Bubba Oustalet a Motion For a New Trial, based on Louisiana Code of Civil Procedure Article 1972(1) and (2), since the record does not support the former, and Bubba Oustalet failed to provide an affidavit to verify the latter. We reinstate the original judgment with legal interest until paid and cast Bubba Oustalet with all costs of the new trial and of this appeal.
REVERSED AND RENDERED.

. Louisiana Code of Civil Procedure Article 2164.