| .SUSAN M. CHEHARDY, Judge.
Ex-husband appeals the trial court’s December 10, 2002 judgment of partition. For the following reasons, we affirm.
Facts and Procedural History
On August 20, 1999, Heidi Sekinger Graefenstein (“Heidi”) filed for divorce from Edward H. Graefenstein (“Edward”). On February 11, 2000, Heidi filed a Petition for Judicial Partition of Community Property and Rules for Past Due Alimony, Child Support, Contempt and Rent, which included her Sworn Detailed Descriptive List of Community Property. On February 15, 2000, the trial judge ordered Edward to file his detailed descriptive list of all community property within 45 days. Edward, however, did not file his sworn descriptive list within 45 days of the trial judge’s order.
On April 19, 2000, Heidi and Edward’s divorce was finalized. Further, they signed a consent judgment regarding past due child support and spousal support and agreed to list the couple’s home, which was the community’s largest asset, on the real estate market. On June 8, 2000, Heidi filed a Rule for Contempt alleging that Edward refused to comply with the consent judgment and cooperate with selling their house.
| .On June 14, 2000, Edward moved to continue the contempt hearing, which was granted. The record is unclear as to the disposition of this rule for contempt. On June 23, 2000, Edward discharged his attorney and retained new counsel'. On January 18, 2001, Edward discharged his second attorney and began to proceed in proper person.
On January 2, 2002, Heidi requested that her pending Partition for Community Property be set for trial and requested a court date. That day,1 she also filed an Amended Detailed Descriptive List. Trial of the partition was set for July 25, 2002.
On March 8, 2002, Heidi filed her Second Amended Detailed Descriptive List. On April 18, 2002, Heidi filed her Third Amended Detailed Descriptive List. On May 13, 2002, Heidi filed a Rule to Show Cause Why Petitioner’s Sworn Descriptive List Should Not be Accepted as True. That day, she also filed a Rule for Contempt alleging that Edward had refused to comply with the trial court’s order regarding return of Heidi’s separate property.
On July 18, 2002, Heidi filed a Second Rule for Contempt alleging that Edward had withdrawn, without her consent, over $31,000 from a community savings plan in contravention of a preliminary restraining order issued on November 2, 1999. She *960 also alleged that Edward, who had been the sole occupant of their house since October of 2001, had failed to make any of the requisite mortgage payments and, thus, the mortgage holder had instituted foreclosure proceedings.
At the July 25, 2002 hearing, Edward, who appeared in proper person, and Heidi agreed to list the house on the real estate market within one week. Further, Heidi’s Rules for Contempt were continued until August 26, 2002.[1] At the July hearing, both parties waived written notice. According to the August 26, 2002 |4minute entry, Heidi’s Rules for Contempt were continued until October 22, 2002. Again, both parties waived notice.
On October 18, 2002, Heidi filed her Fifth Amended Sworn Detailed Descriptive List. The minute entry for the October 22, 2002 hearing on “Comm Prop” indicates that the hearing was continued until December 10, 2002. As before, both parties waived notice.
On December 10, 2002, Heidi’s Rule to have her Descriptive List accepted as true and correct was heard. Edward did not appear for the hearing. That same day, the trial judge signed the “Consent Judgment of Partition” and “Qualified Domestic Relations Order.”
On December 18, 2002, Edward, who was still appearing in proper person, filed a “Motion for New Hearing Date,” which was granted and set for February 12, 2003. The record does not reflect that either Heidi or her attorney was served with this motion. On February 7, 2003, Edward filed a “Detailed Descriptive List.” On February 12, 2003, neither Heidi nor her attorney appeared and the hearing was continued to April 23, 2003. On that date, again neither Heidi nor her attorney appeared. Again, the record does not reflect that either Heidi or her attorney received notice of this hearing.
On April 24, 2003, Edward, who was still appearing in proper person, filed a second Motion for New Hearing Date, which was set for May 27, 2003. That same day, Edward also filed an Amended Detailed Descriptive List. On April 28, 2003, Edward filed a Motion to Vacate the Qualified Domestic Relations Order, which was also set for May 27, 2003.
On May 21, 2003, Heidi filed exceptions of Insufficiency of Service of Process, No Cause of Action, Res Judicata, Vagueness, and Improper Cumulation of Actions. On May 27, 2003, the trial judge maintained Heidi’s exceptions and ^denied Edward’s Motion for New Hearing Date. On June 2, 2003, the trial judge signed the written judgment. On June 25, 2003, Edward filed a devolutive appeal.
On appeal, Edward alleges 11 assignments of error, which focus on two major arguments: first, the December 10, 2002 “consent” judgment was invalid because he was not present to consent to the content and language of the judgment and, second, the judgment was invalid because it did not fully comply with the requirements of La. R.S. 9:2801. We note that implicit in Edward’s arguments is the contention that the trial judge erred in denying his Motion for New Hearing Date, which the trial court considered as a Motion for New Trial.
La. C.C.P. art.1972 provides the peremptory grounds for granting a new trial which are, in pertinent part:
*961 (1) when the verdict or judgment appears clearly contrary to the law and the evidence or
(2) when the party has discovered since the trial evidence important to the cause, which he could not with due diligence have obtained before or during the trial.
La. C.C.P. art.1973 allows the court the discretion to grant a new trial for “good grounds.” The appellate courts will not disturb a decision of the trial court denying a motion for new trial unless there has been a clear abuse of discretion. Territo v. Schwegmann Giant Supermarkets, Inc., 95-257 (La.App. 5 Cir. 9/26/95), 662 So.2d 44.
Regarding Edward’s argument that the judgment was invalid, a trial judge may sign in chambers a judgment decreeing or homologating a partition, when unopposed. La. C.C.P. art. 194(1), La. C.C.P. art. 2592(5). Here, although Edward was ordered by the trial judge to file his own detailed descriptive list, Edward failed to timely file his descriptive list. Further, Heidi filed the proper motion, according to La. R.S. 9:2801(l)(a), to cause her sworn descriptive list to constitute a judicial determination of the community assets and liabilities. Edward, | (¡although he had notice of the proceeding, failed to appear for proceeding and Heidi’s descriptive list was accepted as a true and correct listing of the communities’ assets and liabilities. Thus, we find no error in the partition judgment rendered December 10, 2002.
Regarding Edward’s second argument that the judgment fails to comply with La. R.S. 9:2801, the statute reads, in pertinent part:
Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities.... If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a ... list. If the court grants the request, no traversal shall be allowed. (Emphasis added.)
It is well settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community regime. The trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Kambur v. Kambur, 94-775 (La.App. 5 Cir. 3/1/95), 652 So.2d 99. A court of appeal may not set aside a trial court’s finding of fact in absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility .and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO, 549 So.2d 840 (La.1989); Madere v. Modere, 93-610 (La.App. 5 Cir. 2/9/94), 632 So.2d 1180.
In this case, contrary to Edward’s contentions, we find that the trial court followed La. R.S. 9:2801(l)(a). Heidi filed her first Sworn Detailed Descriptive List on February 11, 2000. Edward was ordered by the trial judge to file his Detailed Descriptive List within 45 days of February 15, 2000, which would have been March 31, 2000. Edward failed to file his descriptive list by that date.
17After two years had passed and Heidi had filed four amended sworn descriptive lists, she finally filed a rule to show cause *962 why the trial court should not adopt her list as a judicial determination of the community assets and liabilities. On December 10, 2002, the trial judge heard that rule and granted Heidi’s request that her sworn descriptive list would constitute a judicial determination of the community assets and liabilities as permitted by La. R.S. 9:2801.
Based on the foregoing, we find that no error in the trial court’s denial of Edward’s Motion for New Hearing Date. Further, we affirm the December 12, 2002 judgment. Defendant, Edward H. Grae-fenstein, is taxed with the costs of this appeal.

AFFIRMED.

. At a later hearing, Heidi's attorney stated that Edward sought a continuance on July 25, 2002 in order to hire an attorney.