# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-198


SHIRLEY GAUTHIER

VERSUS

NEWTY PAUL GAUTHIER


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 13,797
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


ULYSSES GENE THIBODEAUX
CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.


AFFIRMED.


D. Beau Sylvester
Tannehill & Sylvester, L.L.P.
P. O. Box 3246
Pineville, LA 71361
Telephone: (318) 641-1550
COUNSEL FOR:
Plaintiff/Appellee - Shirley Gauthier

Miché Moreau
P. O. Box 608
Marksville, LA 71351
Telephone: (318) 253-4551
COUNSEL FOR:
Defendant/Appellant - Newty Paul Gauthier

**Newty Paul Gauthier**
**In Proper Person**
**151 Maddey Lane**
**Hessmer, LA 71341**

THIBODEAUX, Chief Judge.

In this community partition case, appellant, Newty Paul Gauthier, appeals a judgment of the trial court which refused to grant an extension for him to file his descriptive list of the community assets and liabilities. As a result, his list was time barred and the trial court considered only his ex-wife, Shirley Gauthier's, list. According to Mr. Gauthier, considering only Ms. Gauthier's list resulted in an evidentiary lapse warranting a new trial. He also contends that the trial court should not have partitioned the property at the same time as the hearing in which it declared Ms. Gauthier's list the authoritative record of the community's assets and liabilities.

For the following reasons, we affirm.

I.

**ISSUES**

Mr. Gauthier's appeal contains four issues for review. First, he claims that the trial court should have granted an additional extension in which he could file his detailed descriptive list of the community assets and liabilities. Second, he appeals the trial court's denial of his motion for new trial. Third, he maintains that the trial court erred in partitioning the community property at the Rule to Show Cause, and instead should have reserved that issue for an ordinary, rather than a summary, proceeding. Fourth, the trial court erroneously failed to consider the sources of the community property when it allocated the assets and liabilities.

1

## II.

## FACTS

Ms. Gauthier obtained a divorce in November 2000. On September 5, 2001, she filed a Petition for Partition of Community Property along with her detailed descriptive list of the community assets and liabilities, as required by La.R.S. 9:2801. Mr. Gauthier was given ninety days to file his own detailed descriptive list. This ninety day period represents an extension of forty-five days beyond the statutory period for filing a list. Mr. Gauthier, however, failed to file his list before the December 13 deadline. On May 30, 2002, Ms. Gauthier filed a Rule to Show Cause why her list should not be considered a judicial determination of the community assets and liabilities. The rule was set for hearing on August 12, 2002. On July 30, 2002, more than seven months after the court's extended deadline, Mr. Gauthier filed his detailed descriptive list, and amended it on August 9, 2002.

The trial court heard oral arguments from counsel for both parties at the August 12 hearing. Counsel for Mr. Gauthier admitted that he had failed to file timely his list because of an oversight, or because he had forgotten. The record indicates that, at the hearing, the court was asked to partition the community property. The court requested post-hearing memoranda from counsel and took the matter under advisement. Counsel for Ms. Gauthier filed the requested memorandum, but counsel for Mr. Gauthier did not. In its judgment, the court adopted Ms. Gauthier's list of assets and liabilities and proceeded to allocate the property on the basis of that list. The court excluded Mr. Gauthier's descriptive list, noting that he had exceeded an already extended deadline. Mr. Gauthier filed a motion for new trial and, additionally, a second detailed descriptive list. The court, however, determined that Mr. Gauthier failed to demonstrate that the judgment was clearly contrary to law and

evidence, and he was, therefore, not entitled to a new trial. Mr. Gauthier now appeals.

## III.

## LAW AND DISCUSSION

### *Time Period For Filing Detailed Descriptive List*

Mr. Gauthier asserts that the trial court erred when it declined to grant an extension allowing him to file his detailed descriptive list. Louisiana Revised Statutes 9:2801(A)(1)(a) states that "[w]ithin forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property . . . . For good cause shown, the court may extend the time period for filing a detailed descriptive list." Mr. Gauthier blames his former attorney for the delay, and urges the court not to penalize him for the failure of his attorney to meet court deadlines. Additionally, he maintains that permitting the extension would not have prejudiced Ms. Gauthier, and would have allowed him to present to the court his own account of the values and sources of the community assets.

Louisiana Revised Statutes 9:2801(A)(1)(a) sets a forty-five day period for the parties to file their respective lists. The court may grant an extension, should it find good cause to do so. Although there is no jurisprudential guidance on the meaning of good cause in relation to La.R.S. 9:2801, several courts have discussed the role of good cause in deciding whether or not to extend time in other contexts. Courts have agreed that "'good cause' must constitute, if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension." *Roan v. Roan*, 38,383, pp. 21-22 (La.App. 2 Cir. 4/14/04), 870 So.2d 626, 639, quoting *Piccione v. Piccione*, 01-1086, p. 9 (La.App. 3 Cir. 5/22/02), 824 So.2d 427, 432.

3

Courts have consistently declined to grant exceptions for good cause in situations where attorneys have missed a statutory deadline through inadvertence or error. In *Lewis v. Spence*, 00-648, p. 1 (La.App. 3 Cir. 11/2/00), 772 So.2d 354, 355, a party's counsel admitted that through "inadvertence and mistake or excusable neglect, the [deadline] was not calendared." The court determined that no good cause existed to excuse plaintiff's failure to request timely service of process on a defendant. In a similar circumstance, the court concluded that "[p]laintiff counsel's request of service one day after the ninety-day period expired strongly suggests she either miscalculated or miscalendared the deadline. Such inadvertence does not constitute good cause." *Young v. Roth*, 01-2151, p. 1 (La. 11/9/01), 800 So.2d 374, 374-75. In *Norbert v. Loucks*, 01-1229 (La. 6/29/01), 791 So.2d 1283, defendants filed a motion to dismiss on the grounds that plaintiff failed to serve them within the statutory period. The plaintiff responded by invoking the good cause exception of the statute, explaining that his prior attorney did not know the defendant's whereabouts. The court held that "inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Id.* at 1285.

Additionally, courts have discussed "good cause" in relation to showing the existence of an impediment beyond a party's control that hampered their ability to meet their deadlines. Louisiana caselaw provides that "'good cause' relates to whether there was some impediment that prevented the plaintiff from requesting timely service on the defendant." *Johnson v. Brown*, 03-679, p. 4 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 323. In a case where plaintiff's counsel explained that she was out of town for medical reasons for two weeks immediately prior to the deadline, the court remained unsympathetic, noting that "she has not shown any reason why she was prevented from requesting service within the first two months of the ninety day

4

period." *Young*, 800 So.2d at 375. Furthermore, a court declined to find good cause excusing the delay where plaintiff argued his former attorney was unable to locate the defendant for service, observing that "[p]laintiff does not contend that [defendant's] address could not be ascertained or that [defendant] willfully made efforts to conceal her location." *Norbert*, 791 So.2d at 1285.

Finally, lack of prejudice to the opposing party is not good cause to justify tardy filings. For example, in *Naquin v. Titan Indemnity Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704, the plaintiff argued that, although their service on the defendant was delayed, the opposing party was not prejudiced because they had knowledge of the suit. The supreme court declined to find this supported good cause. Similarly, in *Langlois v. East Baton Rouge Parish School Board*, 01-1227, p. 7 (La.App. 1 Cir. 9/24/01), 809 So.2d 274, 278, the court found that the plaintiff had not demonstrated good cause for his failure to timely request service because "defendants' admission that [opposing counsel] had knowledge of the claim . . . [does] not excuse plaintiff from the requirement to timely request service."

Good cause is a factual determination which should not be disturbed absent manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court found that "'good cause' did not exist to warrant another time extension that would essentially have to be applied retroactively to encompass the time period in which [Mr. Gauthier] filed his descriptive list." The court had already provided an extension of twice the statutory time limit, which Mr. Gauthier had failed to meet. He did not file any list at all until July 30, 2002, seven months beyond the extended deadline, nor did he request permission to file the overdue list. His attorney's inadvertent failure to respond to the deadline does not constitute good cause. *Young*, 800 So.2d 374. Mr. Gauthier has otherwise provided no evidence of conditions

5

beyond his or his attorney's control that prevented him from producing the list on time. Finally, a mere lack of prejudice to Ms. Gauthier by permitting a tardy filing is not sufficient to support finding just cause for the delay in filing.

We disagree with Mr. Gauthier that he was entitled to a further extension of time to file his list of the community's assets and liabilities. The statute is clear that the decision to extend time is within the discretion of the trial court. The trial court did not find good cause to grant the extension and, therefore, did not abuse its discretion in not doing so.

### *New Trial*

After the court partitioned the community at the August 12 hearing, Mr. Gauthier filed a Motion for New Trial, invoking La.Code Civ.P. arts. 1972 and 1973. Although he did not file a memorandum in support of his motion, the motion asserted that a new trial was necessary to prevent a miscarriage of justice. The trial court denied his motion and Mr. Gauthier appeals, asserting that the allocation of the community assets and liabilities was contrary to the evidence, and did not take into consideration certain reimbursement claims Mr. Gauthier intended to raise. Mr. Gauthier also argues that his former attorney's failure to submit documents, including the descriptive list, the post-hearing memorandum ordered by the trial court, and the memorandum in support of his motion for new trial, prevented the trial court from reviewing a complete array of evidence, resulting in a miscarriage of justice.

Articles 1972 and 1973 of the Louisiana Code of Civil Procedure set forth the grounds on which a trial court may grant a motion for new trial. Article 1972(1) states that a new trial shall be granted "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence." Article 1973 states that "[a] new trial may be granted in any case if there is good ground therefore, except as

6

otherwise provided by law." Article 1972 is considered peremptory, so that a trial court would be obligated to order a new trial if the conditions of Article 1972 were met, while Article 1973 is discretionary, and allows a trial court to grant a new trial if the circumstances require. *Poland v. Poland*, 34,085 (La.App. 2 Cir. 12/6/00), 779 So.2d 852; *David v. Meek*, 97-523 (La.App. 1 Cir. 4/8/98), 710 So.2d 1160. In either case, unless the trial court abused its generous discretion, its decision to grant or deny a new trial will not be reversed. *Henderson v. Sellers*, 03-747 (La.App. 3 Cir. 12/17/03), 861 So.2d 923; *Bankston v. Bankston*, 97-2509 (La.App. 1 Cir. 11/6/98), 722 So.2d 46.

Under La.Code Civ.P. art. 1972, the trial court is bound to grant a new trial if the judgment is contrary to law or the weight of the evidence. Although "the granting of a new trial is mandatory" in those circumstances, "the jurisprudence interpreting the provision recognizes the trial judge's discretion in determining whether" the judgment contradicts the law or evidence. *Zatarain v. WDSU-Television, Inc.*, 95-2600, p. 3 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181, 1183; *Martin v. Heritage Manor South Nursing Home*, 00-1023 (La. 4/3/01), 784 So.2d 627. In order to assess the congruence of the judgment to the facts, we must examine the record to determine whether the judgment is supportable by a fair or reasonable interpretation of the evidence. *Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84. Courts agree that "a motion for new trial based on a contention that the verdict is contrary to the law and evidence should be denied if the verdict is supportable by any fair interpretation of evidence." *Zatarain*, 673 So.2d at 1183; *Martin*, 784 So.2d 627; *Lambert v. State through Dep't of Transp. & Dev.*, 96-160 (La.App. 5 Cir. 10/16/96), 683 So.2d 839.

Numerous cases have considered situations in which the jury interpreted

7

the evidence in a certain way, and a new trial was requested on the basis that their interpretation was incorrect. The appellate courts in those cases reviewed the record to ascertain whether the verdict was supported by a reasonable interpretation of the evidence in the record. In *Davis*, 774 So.2d 84, the supreme court reversed a decision granting a new trial, concluding that the jury had had to weigh inconsistencies in the plaintiff's testimony and make serious decisions about the credibility of witnesses. The opinion concluded that one fair understanding of the evidence was that the plaintiff's testimony was untrustworthy, and that the jury was thus justified in reaching its verdict. *Id.* Similarly, the court in *Zatarain*, 673 So.2d 1181, found that the jury's decision rested on the relative credibility of two sets of witnesses testifying to two different versions of the facts. Because the jury's verdict was supported by a fair interpretation of the evidence, the court held that the trial judge did not abuse his discretion in denying the motion for new trial. *Id.* Finally, in *Drury v. American Honda Motor Co.*, 93-1414 (La.App. 1 Cir. 12/22/94), 659 So.2d 738, *writ denied*, 95-1012 (La. 6/23/95), 660 So.2d 437, the appellate court concluded that a new trial should not have been granted. The verdict was attributable to inconsistencies in plaintiff's testimony, his conflicting versions of the events leading up to the trial, and his deliberate misstatement of medical information. *Id.*

A second branch of cases assesses the sufficiency of the evidence in supporting the verdict. For instance, in *Greene v. General Motors Corp.*, 00-1356 (La.App. 3 Cir. 3/14/01), 801 So.2d 1090, the court found that a car had been wrecked prior to sale and was therefore subject to rescission. The motion for new trial declared that this finding was contrary to the law and evidence. On appeal, the court observed that the service manager in charge of the sale gave "*unrebutted* testimony that the car had been wrecked before the Greenes had purchased it. This

8

was the primary basis for the trial court's . . . conclusion that there were redhibitory defects sufficient to warrant a rescission of the sale." *Id.* at 1092. In a case concerning a default judgment against defendant First Guarantee Bank (FGB), FGB requested a new trial. The appellate court determined that "the default judgment was supported by sufficient evidence to establish a prima facie case." *Crump v. Bank One Corp.*, 35,990, p. 11 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187, 1193. The documentary evidence showing that FGB had assumed certain obligations outweighed FGB's assertion that it simply was not liable. *Id.* In these cases, the evidence buttressed the judgment.

Other opinions have declined to grant a new trial where the court determined the record was complete, the judgment accurately reflected the record, and it would not grant a new trial to introduce evidence that had been available before the trial. The appellant in *Henderson*, 861 So.2d 923, argued that the trial court erred in refusing to grant a new trial because the court did not consider an important affidavit in reaching its decision. The appellate court affirmed, noting that "[t]he trial court did not abuse its discretion by refusing to grant a new trial for the purpose of introducing evidence that was available at the time of trial." *Id.* at 929. In *Succession of Willis*, 96-479, (La.App. 3 Cir. 11/6/96), 682 So.2d 920, the Willises argued the trial court erred in not granting their motion for new trial to correct an error in a measurement of acreage. The Willises asserted that a subsequent survey showed that the acreage was actually larger than previously thought, rendering the original measurement accepted by the court contrary to the law and evidence. On appeal, however, the court found that the Willises did not alert the trial judge to the discrepancy in the measurements, and that they presented no evidence at the hearing to traverse the original measurement. Their failure to maintain the discrepancy as an issue at the

hearing resulted in the trial court adopting the original measurement. The Willises had an opportunity to traverse the measurement at the hearing and did not do so; thus, they "cannot now be allowed to assert that the trial court wrongfully denied their motion for new trial." *Id.* at 926. In contrast to the decision in *Willis*, the appellate court in *Bankston*, 722 So.2d 46, found that a settlement agreement reached after trial represented new evidence relevant to the issues of the case. Because the settlement did not come to fruition until after trial, "Ms. Bankston could not have discovered this evidence earlier nor could it have been properly considered by the trial court." *Id*. at 48. Thus, the trial court should have granted a new trial.

Mr. Gauthier asserts that the allocation of the community assets is contrary to the evidence and that the community owes him reimbursement. He argues that his detailed descriptive list contained a list of assets purchased with his separate property, and that the trial court's refusal to consider his version of the list of community assets resulted in a judgment contrary to the law and evidence under Article 1972. In its decision rejecting the motion for new trial, the trial court admitted that it could find nothing clearly contrary to law and evidence in the initial judgment. The court based its decision to partition the community property on evidence submitted in Ms. Gauthier's list, and the partition adequately reflects that evidence. The court allocated certain debts to Ms. Gauthier and required that she pay Mr. Gauthier an equalizing payment. Not only are these findings a fair interpretation of the evidence presented to the court, but they also are sufficiently supported by the weight of the evidence. The evidence presented to the court at trial provided adequate facts on which the court could make its decision. *Crump*, 817 So.2d 1187.

Mr. Gauthier's assertion that the court's refusal to consider his list accounts for the evidentiary insufficiency still does not warrant a new trial. He had

ample opportunity to introduce his version of the list, and had no good reason for his failure to provide the list within the time provided. The trial court was within its discretion in refusing to consider his list as part of the evidence before it. Furthermore, once the court had adopted Ms. Gauthier's list as the judicial determination of the community property, Mr. Gauthier could not traverse that list. La.R.S. 9:2801. Thus, the trial court did not abuse its discretion in concluding that the evidence was sufficient to support the judgment, since Ms. Gauthier's list represented the entire body of evidence the initial trial court could consider. *Henderson*, 861 So.2d 923; *Willis*, 682 So.2d 920.

The discovery of a miscarriage of justice serves as an alternate basis for granting a new trial. Courts adopt "the well-established principle that a new trial should be granted in cases where the enforcement of the judgment would be inequitable and unconscionable." *Hairston v Monroe Gas Corp.*, 308 So.2d 809, 811 (La.App. 2 Cir. 1975); *Crump*, 817 So.2d 1187. Thus, if a trial court is convinced that the judgment, even if free from legal error, does not do substantial justice, it may properly grant a new trial. *Gilley v. Wendy's, Inc.*, 31,353 (La.App. 2 Cir. 12/9/98), 723 So.2d 517; *Dawson v. Mazda Motors of America, Inc.*, 475 So.2d 372 (La.App. 1 Cir. 1985). Courts have specifically considered circumstances where a party asserts that the conduct of an attorney has created a miscarriage of justice warranting a new trial. Lapse of legal rights due to a party's delay, in particular, has not been held to warrant a new trial. In *Crump*, FGB's failure to file an answer resulted in a default judgment against FGB. The court declined to grant a new trial, noting that FGB lacked a good excuse or reason for its failure to file an answer and held that the "mere failure to file an answer, without more, is not adequate grounds to grant a new trial." *Crump*, 817 So.2d at 1193. Similarly, in circumstances where a defendant failed to

11

file an answer to a default judgment and asserted only human error as his defense, the court declined to find an abuse of discretion in the trial court's denial of the motion for new trial, commenting that "[m]ere human error was not enough to convince the trial court that a miscarriage of justice would result if a new trial was not granted." *Hickman v. Wm. Wrigley, Jr. Co.*, 33,896, p. 4 (La.App. 2 Cir. 10/4/00), 768 So.2d 812, 816. In *Maxie v. Gines*, 95-986, p. 5 (La.App. 3 Cir. 1/3/96), 670 So.2d 344, 347, *writ denied*, 96-560 (La. 5/10/96), 672 So.2d 921, the trial court denied the motion for new trial, finding that "[a]fter her initial response to citation, the defendant took no affirmative actions in defense of this case, even in spite of receiving Notice." Three years passed between the date she filed her exceptions and the date she answered. The appellate court refused to find that her pure delay warranted a new trial. *Id.*

Similarly, inadvertent technical errors do not favor granting a motion for new trial. In *Warner v. Carimi Law Firm*, 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, *writ denied*, 99-466 (La. 4/1/99), 742 So.2d 560, the appellant pointed out that, through inadvertence, two fees appearing on worksheet representing legal fees were incorrect. Warner argued that this was a simple accounting error and requested a new trial. The trial court denied the motion for new trial, stating that "the time for submitting evidence regarding these motions has long passed." The appellate court agreed, finding "no abuse of discretion in the refusal of the trial court to consider evidence which could have been presented at the original trial of the matter." *Id.* at 597.

Mr. Gauthier makes much of his attorney's failure to file the necessary documents on time. Louisiana jurisprudence, however, does not consider delay or error in the attorney's performance of his duty, even if inadvertent, as grounds for

granting a new trial. Mr. Gauthier had sufficient opportunity to file the paperwork. The court had already granted an extension of the statutory deadline. Mr. Gauthier missed it by a significant amount of time, and did not provide any good reason for doing so. The court did not abuse its discretion in declining to consider the untimely list. He cannot now argue that this negligence on the part of his attorney resulted in a miscarriage of justice warranting a new trial. *Maxie*, 670 So.2d 344.

Courts have also considered whether a new trial would likely have a different result. In *Stout v. Nehi Bottling Co.*, 146 So. 720, 721 (La.App. 1 Cir. 1933) (citation omitted), the court recognized that "motions for new trials are addressed to the sound legal discretion of the court, and should never be granted, 'unless the application discloses matter sufficient to render it probable that justice has not been done and that a re-examination would vary the result.'" In *Morales v. Toye Bros. Yellow Cab Co.*, 246 So.2d 52, 57 (La.App. 4 Cir. 1971), the trial court denied a motion for new trial, finding that "a full and complete record has been made up. A new trial would only result in the very same testimony and evidence being submitted to another jury." The appellate court found that this was not an abuse of discretion. Here, because Mr. Gauthier's list was untimely and therefore inadmissible, a new trial would still not avail him the opportunity to submit his version of the list for review. Furthermore, once the court adopted Ms. Gauthier's list as the judicial determination of the assets and liabilities of the community, Mr. Gauthier lost his right to traverse her list. A new trial would review the same body of evidence and, therefore, most likely yield the same result in partition.

The second trial court did not err when it declined to grant Mr. Gauthier's motion for a new trial. The evidence provided in Ms. Gauthier's descriptive list was sufficient to support the judgment, and the interpretation of that

13

evidence, even absent Mr. Gauthier's list, reasonably supports that judgment.

### *Proceedings for Allocation of Community Property*

Mr. Gauthier contends that the trial court erred when it partitioned the community property in its judgment on the Rule to Show Cause. He maintains that the Rule to Show Cause was a summary proceeding, while partition normally occurs in an ordinary proceeding. Mr. Gauthier claims that, had the partition occurred in an ordinary proceeding, he would have been able to present documents supporting his interpretation of the contents of Ms. Gauthier's list, such as information suggesting that portions of the list were actually his own separate property. Because he did not receive notice that the court intended to partition the property at the Rule, he expected the hearing to be limited to the Rule. He did not expect the court to allocate the community assets and he was unprepared to present this information.

The Rule to Show Cause on Ms. Gauthier's list of the community's assets and liabilities was a summary proceeding; usually, a judicial partition of property occurs at an ordinary proceeding. La.Code Civ.P. art. 4603. The record indicates, however, that the trial court was apparently requested to partition the community at the August 12 hearing, based on Ms. Gauthier's previous filings. Ms. Gauthier initially filed a Petition to Partition the community property on September 5, 2001. Louisiana Civil Code Article 1328 obligates a judge hearing a petition for partition to "pronounce thereon in a summary manner, by which is always meant with the least possible delay." Furthermore, La.Code Civ.P. art. 194(1) permits a judge independently to sign a judgment decreeing or homologating a partition, when unopposed. In this case, the trial court pronounced Ms. Gauthier's list the judicial determination of the community assets and liabilities. Once it did so, La.R.S. 9:2801(A)(1)(a) no longer permitted Mr. Gauthier to traverse the contents of the list.

Thus, because there was a request to partition at the hearing and no traversal could be allowed of the list, the trial court was entitled to make an immediate decision on the partition of the community property.

In *Little v. Little*, 371 So.2d 1194 (La.App. 1 Cir. 1979), the court held that a summary proceeding to partition community property was inappropriate where the first time property ownership and division were raised as issues was in the Rule to Show Cause. The divorce judgment did not mention property ownership or partition, neither party had filed a descriptive list, and any agreement as to the distribution of the property was alleged to have been settled privately between the parties. Thus, when Ms. Little filed a motion to show cause to order Mr. Little to return a set of china, this was the first time property ownership and division were put at issue. The appellate court reversed the trial court's decision overruling Mr. Little's exception of unauthorized use of summary proceeding, holding that "[a] partition of community property . . . must be requested in the [divorce] petition and handled in an ordinary proceeding." *Id.* at 1196. In *Stringer v. Stringer*, 96-1990 (La.App. 1 Cir. 6/20/97), 698 So.2d 965, *writ denied*, 97-2586 (La. 12/19/97), 706 So.2d 463, an ex-wife failed to file a rule to show cause why the trial court should not adopt her list as a judicial determination of the community assets and liabilities. The trial court simply allocated the community property on the basis of her list, as the ex-husband had not filed any list at all. Ms. Stringer asserted that her ex-husband lost the right to dispute the allocation of property since he had not filed his list, as required. The appellate court disagreed. Although La.Code Civ.P. art. 194(1) allows a trial court to sign a judgment decreeing a partition when unopposed, Mr. Stringer not only opposed the allocation, but was unable to justify his position because of the lack of a Rule to Show cause. The court explained that the Rule "provides the opposing party with an

opportunity to advocate its position in open court." *Stringer*, 698 So.2d at 967. Because Ms. Stringer did not file a Rule, Mr. Stringer was unable to oppose the partition, and the Article 194(1) caveat that a summary partition is permitted only when unopposed was not met. In the present case, Ms. Gauthier had filed appropriate pleadings to institute partition, so that when the request for partition was made at the August 12 hearing, it was not the first time the issue was raised.

The Louisiana Fifth Circuit recently found no error in a trial court's decision to partition the community property immediately after declaring as true and correct an ex-wife's list of community assets. *Graefenstein v. Graefenstein*, 03-1077 (La.App. 5 Cir. 1/27/04), 866 So.2d 958. Ms. Graefenstein, the ex-wife, had filed her detailed descriptive list, followed by a Rule to Show Cause why her list should not be accepted as true. Mr. Graefenstein failed to file his list and appealed, arguing that the partition was invalid because it did not comply with La.R.S. 9:2801. The appellate court reasoned that because Mr. Graefenstein did not file his descriptive list, while Ms. Graefenstein filed the proper motion under La.R.S. 9:2801 to have her list judicially recognized as the accurate record of the community property, the partition according to her list was unopposed. Because a judge may sign in chambers a judgment decreeing or homologating a partition when unopposed, once the trial judge decided her Rule to Show Cause and accepted the list as determinative, he did not err in immediately proceeding to partition the property. *Id.*

Mr. Gauthier cites *Mathews v. Mathews,* 457 So.2d 746 (La.App. 2 Cir. 1984), for the proposition that La.R.S. 9:2801 does not prohibit further proceedings to resolve enhancement of community property by separate funds. That case, however, is consistent with *Graefenstein*. Ms. Mathews had filed a petition to partition the community in September, along with her detailed descriptive list. Her

16

ex-husband, however, did not file his descriptive list until December 29. The trial court sustained Ms. Mathews' objection to the introduction of her ex-husband's list. He then appealed the judgment, arguing the trial court erred in forbidding him to traverse her list. The appellate court did not find any error in the trial court's decision, noting that the statute permits the court to try all issues at one hearing. *Mathews*, 457 So.2d 746. As far as Mr. Gauthier's opinion that La.R.S. 9:2801 does not prohibit further proceedings to resolve whether one party's separate property enhanced the community, *Godwin v. Godwin*, 533 So.2d 1009 (La.App. 1 Cir. 1988), *writ denied*, 537 So.2d 1165 (La.1989), held that even where a defendant had timely submitted his detailed descriptive list, the trial court was within its discretion in excluding his testimony regarding a sum of reimbursement owed him. There, the defendant argued the trial court erred in preventing him from providing evidence of payments he made from his separate property toward community debts. The defendant's list, however, did not contain any information about the payments, and therefore the trial court was within its discretion in refusing to consider his claims for reimbursement. *Id.*

The trial court's decision to partition the community at the Rule to Show Cause, a summary proceeding, did not constitute reversible error. We agree with Mr. Gauthier that normally, an ordinary proceeding is the appropriate method for partitioning property. In this instance, however, the trial judge was entitled to move directly from his decision to accept Ms. Gauthier's list as definitive to partitioning the property. Because Mr. Gauthier was no longer allowed to traverse the judicially recognized list, Louisiana jurisprudence permits a judge to sign independently a judgment partitioning property, when unopposed.

17

*Asset Valuation*

Mr. Gauthier asserts that even when a court only considers the descriptive lists of one party, the court is not required to accept automatically the valuation of debts and assets of the community. Louisiana Revised Statutes 9:2801(A)(4)(c) directs the court to consider the nature and source of the asset or liability in partitioning the community property. While it is true that courts need not accept as definitive one party's assessment of those values, the trial judge nevertheless "is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses." *Graefenstein*, 866 So.2d at 961. Appellate courts uniformly agree that "[i]f the trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed." *Sherrod v. Sherrod*, 97-907, p. 6 (La.App. 5 Cir. 3/25/98), 709 So.2d 352, 355, *writ denied*, 98-1121 (La. 6/5/98), 720 So.2d 687. The trial court did assess an equalizing payment to Ms. Gauthier. Because Mr. Gauthier is unable to show any manifest error in the valuations, we may not set aside the factual findings made by the trial court while valuing or allocating assets and liabilities to partition community property. *Alford v. Alford*, 94-1464 (La.App. 3 Cir. 4/5/95), 653 So.2d 133; *Chance v. Chance*, 29,591, p. 1 (La.App. 2 Cir. 5/7/97), 694 So.2d 613, 615; *Ellington v. Ellington*, 36,943 (La.App. 2 Cir. 3/18/03), 842 So.2d 1160, *writ denied*, 03-1092 (La. 6/27/03), 847 So.2d 1269.

IV.

**CONCLUSION**

For the above reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to appellant, Newty Paul Gauthier.

**AFFIRMED.**