# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DIANE WILLIAMS-BECKWITH

VERSUS

LARRY DONNELL BECKWITH

---

In Re:   Larry Donnell Beckwick, applying for supervisory writs, Family Court Judicial District Court, Parish of East Baton Rouge, No. 217328.

---

**BEFORE:   WHIPPLE, C.J., WELCH AND WOLFE, JJ.**

**STAY DENIED; WRIT NOT CONSIDERED.**  The writ application does not include a copy of the pleadings upon which the ruling was founded, including the Petition for Judicial Partition of Community Property; either party's detailed descriptive list; and the opposition to the petition, if any.  See Rule 4-5(C)(8) & (9) of the Uniform Rules of Louisiana Courts of Appeal.

Supplementation of this writ application and/or an application for rehearing will not be considered.  Rules 2-18.7 & 4-9, Uniform Rules of Louisiana Courts of Appeal.

In the event relator seeks to file a new application with this court, it must contain all pertinent documentation and must comply with Rule 2-12.2, Uniform Rules of Louisiana Courts of Appeal.  Any new application must be filed on or before August 21, 2021 and must contain a copy of this ruling.

**VGW**
**EW**

**Welch, J.,** concurs in part and dissents in part.  I concur in the denial of the stay, but dissent and would reverse the April 6, 2021 judgment denying the "Rule to Show Cause Why Petitioner's Sworn Detailed Descriptive List Should Not be Deemed to Constitute a Judicial Determination" filed by defendant, Larry Donnell Beckwith.  The parties do not dispute that plaintiff, Diane Williams-Beckwith, failed to file a timely detailed descriptive list in accordance with La. R.S. 9:2801. Therefore, in accordance with La. R.S. 9:2801, Mr. Beckwith filed a rule to show cause why his detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities.   At the hearing on Mr. Beckwith's rule to show cause, the Family Court in & for the Parish of East Baton Rouge had the option of either granting the request or, for good cause shown, extending the time period for filing a sworn detailed descriptive list.   La. R.S. 9:2801(A)(1)(a).   "Good cause" must constitute, "if not a compelling reason, certainly a reason of such significance and gravity that it would be inequitable to deny an extension." **Gauthier v. Gauthier,** 2004-198 (La. App. 3d Cir. 11/10/04), 886 So.2d 681, 684.  Good cause exists when a party demonstrates an impediment beyond its control that hampered its ability to meet its deadlines.  **Id.** at 685.  However, courts have found no good cause in situations where attorneys have missed a statutory deadline through inadvertence or error or where the tardy filer

cites lack of prejudice to the opposing party. **Id.** at 684-85. I find Ms. Beckwith-Williams failed to establish good cause for her failure to timely submit a detailed descriptive list, and therefore, I would grant Mr. Beckwith's "Rule to Show Cause Why Petitioner's Sworn Detailed Descriptive List Should Not be Deemed to Constitute a Judicial Determination" and deem his detailed descriptive list a judicial determination of the community assets and liabilities.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT